RECEIVED
IN ALEXANDRIA, LA

JAN - 4 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

CHRISTOPHER WADE HARP   CIVIL ACTION NO.09-1770
  FED. REG. NO. 83044-180
VS.          SECTION P

           JUDGE DRELL

MARINA MEDINA, WARDEN   MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

On October 8, 2009, *pro se* petitioner Christopher Wade Harp,
filed the instant petition for writ of *habeas corpus* pursuant to
28 U.S.C. §2241. Petitioner, an inmate in the custody of the
Federal Bureau of Prisons (BOP), is incarcerated at the Federal
Corrections Institute, Medium, in Pollock, Louisiana and he
contends that he is entitled to credit against his federal
sentence for time served in the custody of the State of Texas.

This matter has been referred to the undersigned for review,
report, and recommendation in accordance with the provisions of
28 U.S.C. §636 and the standing orders of the Court. For the
following reasons it is recommended that the petition be
**DISMISSED WITH PREJUDICE** since petitioner has not shown that he
is in custody in violation of the Constitution, laws or treaties
of the United States of America.

### *Background*

On February 2, 2005 petitioner was arrested by Travis
County, Texas law enforcement officers and charged with

possession of controlled substances and possession of a firearm by a convicted felon. Petitioner was released on bond on February 7, 2005. While free on bond he was arrested again by Williamson County, Texas authorities on July 29, 2005 and charged with being a felon in possession of a firearm; on August 6, 2005 he was charged with possession of a controlled substance. [rec. doc. 1-3, p. 5]

On September 19, 2006, the federal Grand Jury returned a three count indictment charging petitioner with two counts of being a felon in possession of a firearm and one count of unlawful possession of a silencer. When the indictment was filed, petitioner was in the custody of the Sheriff of Travis County, Texas; his presence for arraignment in the United States District Court for the Western District of Texas was obtained via writ of *habeas corpus ad prosequendum.* On November 9, 2006 petitioner pled guilty to one count of being a felon in possession of a firearm; on January 19, 2007 his plea was accepted. On January 25, 2007 a ninety-two month sentence was imposed. Petitioner did not appeal. [United States v. Harp, No. 1:06-cr-00223 (Tex.W.D.) at rec. docs. 1-7; 18-28]

On May 9, 2007 he pled guilty to the felony drug charge in Travis County and was sentenced to serve 22 months in jail. the sentence was ordered to be served concurrently, presumably with

2

the previously imposed federal sentence. [rec. doc. 1-3, p. 1][1]

On January 22, 2008 he filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 in which he asked the sentencing court to re-sentence him and apply a downward departure to his federal sentence to provide credit for the 22 months he spent in the custody of the State of Texas; he also alleged that he was denied effective assistance of counsel because his court-appointed trial attorney failed to ask the federal court for a continuance which would have allowed the Texas court to sentence petitioner before he was sentenced in federal court.  On June 24, 2008 his motion was denied. Petitioner did not appeal the denial of his Motion to Vacate. [United States v. Harp, No. 1:06-cr-00223 (Tex.W.D.) at rec. docs. 31-39][See also rec. doc. 1-3, pp. 2-19]

On October 14, 2008 petitioner submitted an Attempt at Informal Resolution to prison authorities claiming that by virtue of the Texas commitment order he was entitled to credit against his federal sentence for approximately 322 days (from February 2-7, 2005; September 19 2006 - August 3, 2007) that he spent in Texas custody. Prison authorities responded to his request noting, "This credit is not eligible due to it being credited to

---

[1] See rec. doc. 1-3, p. 1 - the Judgment of Conviction from the 167th Judicial District Court, Travis County. The judgment specifies a sentence of "... twenty-two (22) months state jail division, TDCJ..." and provides, "this sentence shall run concurrently..." but does not otherwise specify the other sentence involved.

the State. *Nunc pro tunc* will need to be reviewed by DSCC..."
[rec. doc. 1-3, p. 20] Petitioner then filed a formal
administrative remedy with the Warden. On November 26, 2008 the
Warden rejected his request noting, "... the credit which you
request is precluded under Title 18 U.S.C. §3585(b)... [y]our
request has been forwarded to the Designation and Sentence
Computation Center (DSCC) for a review and determination in
accordance with Bureau of Prison' Program Statement 5160.05,
Designation of State Institution for Service of Federal
Sentence..." [rec. doc. 1-3, p. 22]

On December 13, 2008 petitioner appealed to the Regional
Administrator requesting a *nunc pro tunc* designation of the Texas
prison for service of the federal sentence in order to effectuate
the Texas court's concurrent sentence. [rec. doc. 1-3, p. 23] On
January 13, 2009 the Regional Director determined, "... the
credit you request is precluded under 18 U.S.C. §3585(b). Your
request has been forwarded to the Designation and Sentence
Computation Center for a review and determination in accordance
with Bureau of Prisons Program Statement 5880.28, Sentence
Computation Manual (CCCA of 1984), and Program Statement 5160.05
Designation of State Institution for Service of Federal
Sentence." [rec. doc. 1-3, p. 25]

Petitioner appealed to the BOP Central Office on January 28,
2009. [rec. doc. 1-3, p. 26] On April 29, 2009 the Administrator

4

rejected petitioner's request as follows:

> This is in response to your Central Office Administrative Remedy Appeal in which you contend the Bureau of Prisons (BOP) should commence your federal sentence on it's date of imposition running it concurrently with your state sentence.
>
> A review of our records reveals you were in primary state custody at the time the Court imposed your federal sentence. You were 'borrowed' from the state via a federal writ. The federal Judgment in a Criminal Case dos not contain any language ordering your sentence to run concurrently or consecutively. Title 18 U.S.C. §3584 states, in part: '... Multiple terms of imprisonment imposed at different times run consecutively, unless the court orders that the terms are to run concurrently.' Without language directing us to run the terms concurrently, the Bureau must run them consecutively to comply with this statute.
>
> A retroactive designation will not be considered since the federal judge was aware of the state sentence at the time the court imposed your federal sentence. [rec. doc. 1-3, p. 32]

Petitioner filed the instant petition on October 8, 2009. In his memorandum petitioner articulated his claim as follows:

> After being sentenced to a 92 month federal sentence, Petitioner was delivered up to the authorities of Travis County, Texas. Only then, on May 9, 2007, did the 167th Judicial District Court of Travis County, Texas impose a 22 month sentence to run concurrent to Petitioner's federal sentence...
>
> Due to no fault of Petitioner, however, neither the state nor Federal Governments involved initiated any effort to effectuate the terms of Petitioner's 'concurrent' Travis County state sentence. That is, Travis County state authorities made no attempt to deliver Petitioner to the Bureau of Prisons for concurrent service of his sentence, and the Bureau of Prisons made no designation of a state institution for service of his federal sentence.

5

The inaction of both authorities caused Petitioner to serve out his Travis County state sentence and only upon release therefrom, start his instant federal sentence. Which in practical effect nullified the 'concurrent' terms of the Travis County state sentence as ordered, and lengthened his overall period of imprisonment by a the amount of time served between imposition of the Travis County state sentence and the date upon which Petitioner was delivered into federal custody to begin service of his federal sentence. [rec. doc. 1-2, pp. 3-4]

Petitioner takes issue with the BOP's conclusions (1) that 18 U.S.C. §3585(b) precludes granting credit against his federal sentence for the time spent in Texas custody; (2) that 18 U.S.C. §3584 prohibits the BOP from computing the federal sentence concurrently with the State sentence since the federal criminal judgment was silent as to the issue; and, (3) the BOP could not consider the "retroactive designation ... since the federal judge was aware of the state sentence at the time the court imposed [the] federal sentence..." [rec. doc. 1-2, pp. 4-5]

### Law and Analysis

### 1. Title 18 U.S.C. §§ 3584 and 3585(b).

Since success in this endeavor would entitle petitioner to a speedier release from custody, *habeas corpus* provides the appropriate remedy. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that the function of *habeas corpus* is to secure immediate or speedier release from unlawful imprisonment). Further, since petitioner is challenging the manner in which his sentence is being executed, a

petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 is the correct mechanism for this challenge. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001). Petitioner, however, is entitled to relief pursuant to §2241 only if he can demonstrate that "...[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. §3585. <u>United States v. Wilson</u>, 503 U.S. 329, 332 (1992). That statute, entitled "Calculation of a term of imprisonment," provides in pertinent part:

> (b) Credit for prior custody. <u>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences</u>
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence.</u>
> (Emphasis supplied)

When Congress enacted this statute, it "made clear that a defendant could not receive a double credit for his detention time." <u>U.S. v. Wilson</u>, 503 U.S. 329, 337 (1992). BOP regulations implement these Congressional goals. See Program Statement (PS)

7

5880.28, <u>Sentence Computation Manual</u>, which specifies that
"[c]redit will not be given for any portion of time spent serving
another sentence regardless of whether the sentence is federal,
state or foreign." Clearly then, petitioner is not entitled to
any additional credit against his sentence for the time period he
was in State custody as that time was already credited against
his Texas sentence. [see <u>U.S. v. Harp</u>, 1:06-cr-00223 (Tex. W.D.)
at rec. doc. 32-2, p. 14 wherein the Texas court afforded
petitioner credit for time served in custody]

Petitioner also argues that his federal sentence should be
served concurrent to his state sentence. "Concurrent service of
federal and non-federal sentences in a non-federal institution
occurs when the Bureau designates a non-federal institution for
service of the federal sentence. Ordinarily, the reason for
[doing so] is that ... <u>the federal sentencing court intended its
sentence be served concurrently with the non-federal sentence</u>."
PS 5160.05, <u>Designation of State Institution for Service of
Federal Sentence.</u>[2]

Petitioner's federal sentence is silent regarding whether it
should run consecutive or concurrent to his state sentence.
Petitioner argues that the federal sentencing judge could not
have been aware of the state sentence when he imposed sentence
since clearly, the Texas Court sentenced petitioner on a date

---

[2] http:// www.bop.gov/policy/progstat/5160_005.pdf ), at 4.

8

subsequent to the date that petitioner was sentenced on the federal charges. While that may be true, there can be no doubt but that Judge Sparks was aware of the pending Texas charges and the likelihood that petitioner would be convicted and sentenced in the Texas Court. Judge Sparks had discretion to run petitioner's federal sentence concurrently with any <u>impending state sentence</u>, but he chose not to exercise that discretion.

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively <u>unless the district court specifically orders that they run concurrently</u>." <u>Free v. Miles</u>, 333 F.3d 550, 553 (5th Cir.2003), reh'g denied (Jul. 31, 2003)(citing 18 U.S.C. § 3584(a)("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")

### 2. The Texas Court's Order

Petitioner also argues that he is entitled to credit for the time he served in Texas custody since the Texas Court ordered his state sentence to be served concurrently with his federal sentence. However, the State's order is not binding on the BOP. See <u>Leal v. Tombone</u>, 341 F.3d 427, 427-30 (5th Cir. 2003) at fn 13, (Citing <u>Taylor v. Sawyer</u>, 284 F.3d 1143 (9th Cir. 2002), <i>cert. denied</i>, 537 U.S. 1119, 123 S.Ct. 889, 154 L.Ed.2d 799 (2003) in turn quoting <u>Del Guzzi v. United States</u>, 980 F.2d 1269,

1272-73 (9th Cir. 1992) "...concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody."

### 3. *Nunc Pro Tunc*

Petitioner also argues that the BOP erred in denying him *nunc pro tunc* designation of the Texas prison for service of his federal sentence. Based upon petitioner's request, the BOP initiated a review as approved in <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990).

The initial inquiry, however was terminated upon the BOP's determination that Judge Sparks must have been aware of the state sentence at the time the court imposed federal sentence. Of course, as noted above, Judge Sparks, while he probably was unaware of the exact sentence to be imposed, was clearly aware of the impending criminal prosecution in Texas.[3] As shown above, the federal judge had the authority to order that his sentence be served concurrently with any future Texas sentence, but he chose not to exercise that authority. In other words, while the BOP's

---

[3] The presentence investigation report relied upon by the Court surely outlined in some detail petitioner's criminal history, including information concerning the pending Texas charges. See Federal Rules Criminal Procedure Rule 32. See also USSG §4A1.3.

10

statement concerning the Texas sentence may be incorrect, the fact remains that Judge Sparks was aware of the pending charges and nevertheless imposed a sentence which was silent with regard to whether it should be served concurrently with any future Texas sentence.

In any event, the BOP's ultimate determination is entitled to substantial deference. <u>Fegans v. United States</u>, 506 F.3d 1101 at 1105 (8th Cir. 2007). Nothing of record suggests that the BOP abused its discretion in making this determination.

## 4. Conclusion

In other words, it appears that petitioner has been credited with all of the time he is due. He has not shown that he is in custody in violation of the Constitution and laws of the United States, and therefore, he is not entitled to *habeas corpus* relief.

Therefore,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of *Habeas Corpus* Under 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** since petitioner has not shown that he is in custody in violation of the Constitution, laws or treaties of the United States of America.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

11

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

12